In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00197-CV
_____

IN RE CITY OF BEAUMONT, TEXAS

_____

Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. A-192,887-A
_____

MEMORANDUM OPINION

The City of Beaumont filed a petition for writ of mandamus in which it challenges the trial court's denial of a combined traditional and no-evidence motion for summary judgment. In its hybrid motion, the City sought summary-judgment relief on all the claims the trial court had severed from another suit. According to the City's motion in the severed cause, the final judgment that had been rendered in the cause from which the claims had been severed necessarily created a bar to the trial court's

1

resolution of Mathews' severed claims. Mathews disagreed, arguing that the claims in the severed clause were based on his claims that the City had violated his rights under the Texas Constitution, and he argued those claims were not addressed by the judgment the City had obtained in the other cause.

In this original proceeding, the City asks this Court to review an interlocutory order in a petition seeking a writ of mandamus. It does so because absent a statutory grant of authority providing an appellate court with jurisdiction to consider appeals from the type of interlocutory order at issue, our appellate jurisdiction is limited to appeals from final judgments. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000).

But our jurisdiction to adjudicate appeals is separate from our jurisdiction over petitions seeking writs, including the type of writ at issue here. *See* Tex. Gov't Code Ann. § 22.221 (Writ Power); *see also* Tex. R. App. P. 52 (Original Proceedings). Still, since the petitioner who files a writ of mandamus is seeking extraordinary relief, the petitioner (the relator) must "show that (1) the trial court clearly abused its discretion

2

and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (2004)).

According to the City, under the circumstances in this case an appeal following a trial would be an inadequate remedy because: (1) all of Mathews' claims are barred by the City's affirmative defenses of res judicata and collateral estoppel, as conclusively established by the evidence the City attached to its motion for summary judgment; (2) as the City sees it, the trial court's ruling denying its hybrid motion allows Mathews to "relitigate claims that have already been barred[;]" and (3) the trial court abused its discretion in denying the City's hybrid motion. We temporarily stayed the trial-level proceedings so that we could consider the City's petition and Mathews' response. *See* Tex. R. App. P. 52.10.

We turn first to the trial court's ruling on the City's no-evidence motion. As to that part of the City's motion, we conclude that because the City's motion doesn't specifically state each element or elements of the plaintiff's claims on which the City claimed Mathews didn't have

3

evidence to support his claims, the City's motion doesn't comply with the requirements of Texas Rule of Civil Procedure Rule 166a(i). *See* Tex. R. Civ. P. 166a(i).

As for the trial court's ruling on the traditional part of the City's hybrid motion, we conclude that on this record, the City has not established that it is entitled to extraordinary relief for two reasons. First, the record the City filed to support its petition doesn't include all the exhibits the trial court considered when it ruled on the City's hybrid motion. Thus, we conclude the City has requested extraordinary relief on a ruling in a trial-level proceeding on a record different from the record on which the ruling was made.

Second, as it relates to the City's hybrid motion, we cannot determine from among the petitions in the mandamus record which one of the petitions Mathews filed constitutes the petition that the trial court considered as the petition that contains Mathews' live claims in the severed cause. That issue is material to the City's petition because the City is seeking extraordinary relief on a record that is incomplete, and on the record the City provides in this proceeding, it's possible the trial court

4

could have concluded that the City moved for summary judgment on a petition that wasn't the petition that included Mathews' live claims, meaning the claims the trial court in Trial Court Cause Number A-198,887 severed into Trial Court Cause Number A-198,887-A, the severed cause.

For the reasons more fully explained below, we lift our temporary stay of the trial-level proceedings and deny the City's petition. *See* Tex. R. App. P. 52.8(a).

## Background

James Mathews Jr. is a former employee of the City of Beaumont's Fire Department. In June 2008, Mathews and the driver of another vehicle were involved in a collision while Mathews was off duty and driving his truck. Because Mathews was charged with assaulting the driver of the vehicle involved in the wreck based on what occurred after the collision, the Chief of the City of Beaumont's Fire Department investigated the collision. In October 2008, Ann Huff, who at that time was the Fire Chief, suspended Mathews indefinitely for cause for engaging in conduct following the collision that violated the

5

Department's Code of Conduct. After the City notified Mathews of the Fire Chief's decision, Mathews exercised his rights under the Municipal Civil Service Act to appeal his suspension. Under the avenues available for his appeal, Mathews demanded that the City arbitrate the Fire Chief's decision before a hearing examiner.[1] In the appeal, Mathews claimed the City didn't have the right to terminate his employment because he wasn't on duty when the rear-end collision occurred. *See* Tex. Loc. Gov't Code Ann. § 143.057.

In 2012, the City prevailed in the hearing conducted by the hearing examiner on Mathews' Municipal Service Act appeal. *See City of Beaumont v. Mathews*, No. 09-20-00053-CV, 2022 WL 318586, at *4 (Tex. App.—Beaumont Feb. 3, 2022, pet. denied). The hearing examiner's decision left the Fire Chief's decision to indefinitely suspend Mathews from his employment with the City intact. Mathews challenged that ruling in a lawsuit, which he filed in Jefferson County. The Jefferson County District Clerk assigned Trial Court Cause Number 192,887-A to

---

[1]In the opinion, we refer to the hearing examiner interchangeably as the hearing examiner or as the arbitrator.

the suit and assigned it to the 58th District Court. Subsequently, the 58th District Court transferred Mathews' case to the 60th District Court.[2]

In July 2016, Mathews filed an amended petition in Cause Number 192,887-A, adding several constitutional claims to his claim challenging the hearing examiner's award. Along with the claim challenging the hearing examiner's award, Mathews' amended petition, which he styled "Plaintiff's First Amended Original Petition" alleges: (1) an equal protection claim under Article One Section 3 and 3a of the Texas Constitution, which Mathews based on his claim that the City had subjected him to disparate treatment; (2) a declaratory judgment claim, in which Mathews asked the trial court to declare that the City had violated his constitutional rights by depriving him of what Mathews claimed was his constitutionally protected interest in his employment by the City without the benefit of due process; (3) a claim for retaliation for

[2]The District Clerk assigned Mathews' case to the 58th District Court. On Mathews' motion, the judge of the 58th District Court transferred the case to the 60th District Court, since that court had previously handled a related matter that involved the parties' dispute. *See City of Beaumont v. Mathews*, No. 09-20-00053-CV, 2022 WL 318586, at *4, n.14. (Tex. App.—Beaumont Feb. 3, 2022, pet. denied).

exercising his constitutional rights of free speech, which he based on Article I, section 8 of the Texas Constitution; and (4) a due process claim under Article I, section 3 of the Texas Constitution. In his prayer, Mathews asked the trial court to declare that he was "unlawfully indefinitely suspended from his position as a firefighter for the Beaumont Fire Department."

In November 2017, the City moved to sever Mathews' claims under Local Government Code section 143.057(j) (the claim challenging the hearing examiner's award upholding the Fire Chief's indefinite suspension) from "other claims brought in this cause number[.]" To support its argument for severance, the City's motion to sever notes that under Chapter 143 of the Local Government Code, claims brought by a firefighter against a local government entity involving a firefighter's indefinite suspension must "be advanced on the district court's docket and given a preference setting over all other cases." Tex. Loc. Gov't Code Ann. § 143.121.

In January 2018, the trial court granted the City's motion. In the order granting the severance, the trial court ordered Mathews' "[n]on-

143.057(j) Claims severed from all other claims and counterclaims pleaded in this cause of action" into Trial Court Cause Number A-192,887-A. Thus, when moving for severance on the claims in Plaintiff's First Amended Original Petition, it appears the City perceived the petition raised claims that were not subject to Local Government Code section 143.057(j). In the order the trial court signed, the City is the party responsible for categorizing the claims the trial court severed as "The Non-143.057(j) Claims" rather than specifically identifying the claims subject to the order of severance.

*The Severed Case—Trial Court Cause A-192,887-A*

In 2023, the City filed a hybrid motion for summary judgment in the severed cause. In its hybrid motion, the City identified three pleadings as the pleadings containing the claims on which the City was moving for summary judgment: (1) "Plaintiff's First Original Petition," the petition Mathews filed in Trial Court Cause A-192,887-A in July 2015, which is the same petition that was file-stamped on July 30, 2018, in the severed cause, Trial Court Cause A-192,887-A; (2) "Plaintiff's April 16, 2018 Supplemental Petition to Plaintiff's Second Amended Petition,"

a petition file-stamped in Trial Court Cause A-192,887-A on April 16, 2018;[3] and (3) "Plaintiff's August 18, 2021 Second Supplemental Petition to Plaintiff's Second Amended Original Petition," a petition file-stamped in Trial Court Cause A-192,887-A on August 18, 2021.[4]

The City relied on several theories to support its motion for summary judgment. First, the City argued the trial court lacked

---

[3]The supplemental petition alleges that, for several reasons, the City failed to provide Mathews the information he needed to exercise an informed decision about the forum in which to appeal his suspension, retaliated against Mathews by indefinitely suspending him from his position because he was a "Union member and Steward [who] openly supported [the incumbent's Mayor's opponent in a city election,]" and violated his rights by relying on evidence of acts that occurred outside the 180-day window created in Local Government Code section 143.052 for a City to prove that the City's suspension of a firefighter was justified. Tex. Loc. Gov't Code Ann. § 143.052(h).

[4]Mathews' supplemental petition alleges: (1) that during a city election conducted in 2014, the Mayor of the City of Beaumont saw Mathews at a polling location and fabricated a claim that Mathews shouted at her using a vulgar term; (2) that in 2008 after Mathews was involved in a collision with a motorist, the attorney for the City of Beaumont falsely claimed that Mathews had beaten a motorist; (3) that when the City presented its case to the hearing examiner, it relied on evidence outside the 180-day time limit allowed by the Local Government Code to justify the decision the City's Fire Chief made in 2008 to suspend him for cause. Mathews sought a temporary injunction, and he asked that the trial court reinstate him to his position as a firefighter with all attendant benefits "pending a jury trial on the fact questions of whether the City complied or not with its contractual and or statutory duties."

jurisdiction to hear some of Mathews' claims because Mathews and the City had litigated claims alleging the City's conduct in suspending him from his job violated his constitutional rights in a case filed in federal court. The federal court case was ultimately dismissed when the federal judge ordered Mathews' claims dismissed because his petition failed to state a claim on which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).[5] Second, the City argued that to the extent that Mathews based his claims in the severed cause on facts that occurred before the federal court dismissed his suit in federal court (March 13, 2012), his claims are barred "by claims preclusion resulting from the federal court's 12(b)(6) dismissal of Mathews' federal civil rights case." Third, in its hybrid motion the City argued that Mathews' claims were barred by the doctrines of res judicata, collateral estoppel, and the law-of-the-case doctrine. All of these arguments rely on either the March 2012 judgment

---

[5]In its petition, the City notes that it relied on a jurisdictional argument in the trial court, but it isn't pursuing it jurisdictional argument in its petition for mandamus and is not waiving its right to rely on that argument later because arguing the issue now by asking for mandamus relief would be "premature and would only cloud the narrow issue now before the Court."

from the federal court dismissing Mathews' claims against the City, or the judgment from this Court rendering judgment in the City's favor following the City's appeal of the judgment in Trial Court Cause Number A-192,887, a judgment this Court issued in 2022. *Mathews*, 2022 WL 318586, at *13-14.

In the trial-level proceedings in the severed cause, Mathews responded to the City's hybrid motion for summary judgment by noting that his "due process claims (substantive and procedural) and free speech claims [were not] addressed by the City['s hybrid motion]." According to Mathews, under Article One Section 8, his right to exercise his right to free speech are protected against the City retaliating against him for the union activities in which he engaged and from the "anti-Union sentiments of [the City's then Fire] Chief Anne Huff."

All that said, Mathews ties his theories alleging the City violated his constitutional rights to facts that he claims injured him, the City's decision to indefinitely suspend him from his job. To that extent, we agree with the City that many of Mathews' claims (and perhaps all of them) may indeed be claims that are foreclosed by the judgment this Court

issued in 2022. *Id*. For example, all of Mathews' petitions allege that the City failed to comply with the requirements of Local Government Code Chapter 143 in several ways when the City indefinitely suspended Mathews for cause. Another theory that Mathews relied on in all the petitions he filed in the severed cause is that because he was off duty when he collided with the motorist in 2008, the City could not terminate him "as long as excessive force was not involved." Yet claims tied to Mathews' discharge while off duty were foreclosed when the hearing examiner, from the evidence the hearing examiner considered at the hearing in 2012, decided the City could fire Mathews for the conduct that Mathews engaged in after colliding with a motorist in 2008. That hearing resulted in the hearing examiner's 2012 finding upholding the Fire Chief's decision to discharge Mathews, and even though very narrow exceptions exist that allow a hearing examiner's decision to be reviewed on questions like whether the award was procured by fraud (which this Court determined Mathews failed to prove in his appeal), the Local Government Code makes "the hearing examiner's decision [] *final and*

13

*binding* on all parties." Tex. Loc. Gov't Code Ann. § 143.057(c) (emphasis added).

Turning back to the City's challenge to the trial court's ruling on its hybrid motion, even were we to agree that the City's hybrid motion has merit as to some of (and perhaps all) Mathews' claims, we don't know why the trial court denied the City's motion. On June 19, 2023, the trial court denied the City's motion without stating a reason for its ruling. The trial court's order states:

> On this day came to be heard Defendant, City of Beaumont's, Traditional and No Evidence Motions for Summary Judgment. After reviewing the motion, the response, arguments of counsel, if any, and all matters properly before the Court, the Court is of the opinion that the motion should be DENIED.
> This Court also DENIES the Defendant permission to pursue a permissive appeal.

## Mandamus Issues

"Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit." *Barr v. Res. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). "The doctrine of collateral estoppel precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit." *Getty Oil*

14

*Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992). "Collateral estoppel also precludes the relitigation of essential issues of law that were litigated and determined in a prior action." *Id.* at 802.

A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). Collateral estoppel applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action. *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

In its mandamus petition, the City argues that, based on the judgment that this Court rendered in Mathews' case in 2022 in which we addressed his challenge to the hearing examiner's 2012 award, Mathews cannot relitigate the issues of his claims that the City in discharging him for his conduct following the collision violated Chapter 143 of the Local Government Code. The City also argues that, based on this Court's 2022

judgment, Mathews also may not relitigate his claim that the City breached the City's collective bargaining agreement with the firefighter's union. According to the City, Mathews' response to the City's motion for summary judgment reveals that Mathews is simply "attempt[ing] to relitigate claims" in Trial Court Cause Number A-192,887-A (the severed cause) that were resolved by final judgments previously rendered by state and federal courts in the City's favor.

The City argues that the claims in the severed cause have already been finally resolved against Mathews for three reasons: (1) to support his claims in the severed cause, Mathews' response reveals that he relies on evidence from the cases in which he did not prevail; (2) in the severed cause, Mathews asked to be reinstated to his position as a firefighter and to be paid back pay, remedies available only on the claims already resolved by the hearing examiner for the City and affirmed in the final judgment rendered in the appeal from Trial Court Cause Number A-192,887; and (3) in the severed cause, Mathews argues that his constitutional rights were violated under Chapter 143 and the collective bargaining agreement between the City and the firefighters' union, but

16

those claims are foreclosed by the judgments previously rendered in prior cases involving the City and Mathews in state and federal court. The City concludes that because it established in its hybrid motion that all claims in the severed cause are based on "the same nucleus of operative facts" that were resolved against Mathews in other final judgments, the trial court abused its discretion in failing to grant its hybrid motion.

*The No-Evidence Motion*

Turning to the City's no-evidence motion, Rule 166a(i) of the Texas Rules of Civil Procedure requires that a no-evidence motion specify the element or elements of the plaintiff's claim or defense on which there is no evidence. Tex. R. Civ. P. 166a(i). The Texas Supreme Court strictly enforces the requirements of this rule. *Timpte Indus. Inc. v. Gish*, 286 S.W.3d 306, 310-11 (Tex. 2009) (holding that a no-evidence motion must specifically identify the challenged elements to satisfy Rule 166a(i)); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339-42 (Tex. 1993). Consequently, when a no-evidence motion fails to list the elements of a claim it challenges and asserts that opposing party has no evidence to support its claim, the motion is insufficient because the language in

17

the no-evidence motion fails to identify the elements of the opposing party's claim or defense the no-evidence motion has challenged. *Cmty. Health Sys. Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 696 (Tex. 2017).

In its no-evidence motion, the City argued: "There is no evidence supporting any of the claims, which evidence survive the preclusion doctrines." For that reason, the City's motion doesn't comply with the requirements of Rule 166a(i) because it fails to identify the elements of Mathews' claims and defenses on which the City claimed Mathews had no evidence. Consequently, on the record the City provided to this Court, we can't say the trial court abused its discretion in overruling the City's no-evidence motion. Furthermore, as to the City's affirmative defenses, the City doesn't argue or explain why Mathews as the plaintiff in the case would have had the burden of proof on the City's affirmative defenses. *See* Tex. R. Civ. P. 166a(i) (providing that a party may file a no-evidence motion "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an *adverse party* would have the burden of proof at trial").

*The Traditional Part of the City's Motion*

As for the City's traditional motion for summary judgment, our review of the merits of the City's argument isn't possible on the mandamus record the City provided to the Court. For example, the City included Mathews' response to City's motion for summary judgment as an appendix to its petition for mandamus. In its petition, the City relies on the documents Mathews attached to his response to support its argument that Mathews' claims in the severed cause are based on the same nucleus of operative facts the parties have litigated in federal court (Civil Action Number 1:11CV268) and state court (Trial Court Cause Number A-192,887). Yet the City omitted 18 of the 27 exhibits that Mathews listed in his response to the City's motion from documents it references in the appendices it filed to support its petition for mandamus. Simply put, the City has asked this Court to find the trial court abused its discretion without providing the same record the trial court relied on when it denied the City's hybrid motion. That, it seems to us, is unfair.

It is also unclear from the mandamus record what petition the trial court considered as Mathews' live claims. The City moved for summary

judgment on the claims in "Plaintiff's First Original Petition." But when the trial court ruled on the City's hybrid motion, the trial court may not have considered that petition as the petition that contained Mathews' live claims. Here, the record shows that "Plaintiff's First Original Petition"—which Mathews filed on July 30, 2015, in Cause Number A-192,887—was superseded when Mathews filed an amended pleading titled "Plaintiff's First Amended Original Petition" on July 7, 2016. *See* Tex. R. Civ. P. 65 (Amended Instrument); *FKM P'ship, Ltd. v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (noting that generally, amended pleadings "take the place of prior pleadings").

So, when the trial court signed the order of severance in January 2018, the District Clerk should have placed a copy of Mathews' live pleading—not a pleading Mathews had abandoned—in the severed cause so that the petition in the severed cause included the claims the trial court had severed into the severed cause rather than a petition that contained the claims Mathews had abandoned by amendment. Thus, it's possible the trial court could have found that the City didn't move for summary judgment on the petition that contained Mathews' live claims

20

and instead moved for summary judgment on a pleading that Mathews had abandoned.

To be fair, on the mandamus record we have, we can't be certain that the District Clerk, Mathews, or the City was the party responsible for filing "Plaintiff's First Original Petition" in the severed cause.[6] At any rate, the exhibits the City and Mathews filed to support their respective positions on the City's motion for summary judgment show that both Plaintiff's First Original Petition and Plaintiff's First Amended Original Petition were before the trial court when it ruled on the City's hybrid motion and that the City didn't move for summary judgment on the claims in Plaintiff's First Amended Original Petition.

Since there are differences between the allegations in the two petitions, the trial court could have also decided it mattered that the City

---

[6]Mathews' response to the motion for summary judgment lists his First Amended Original Petition as an exhibit to his response, but Mathews' First Amended Original Petition was not included in the mandamus record that the City filed with this Court. Mathews' summary judgment response also mentions "Plaintiff's Supplemental Original Petition," filed June 19, 2017, but as to that pleading, the mandamus record before us doesn't show if that supplemental petition was filed or if it was superseded.

didn't move for summary judgment on Mathews' live claims. In "Plaintiff's First Original Petition," Mathews alleged the City unlawfully deprived him of his property interest in his employment with the Beaumont Fire Department based on the unlawful actions of City officials and employees in violation of the due course of law provision of the Texas Constitution. Without specifying the acts that he claimed violated his rights, Mathews alleged that the City retaliated against him in violation of his rights under the Texas Constitution to free speech, due process, and due course of law. Referencing a federal civil rights lawsuit that he had filed against the City and City officials, Mathews alleged that he was denied his right to equal protection under the law. Mathews' equal protection claim alleges that several firefighters, whom Mathews named and then referenced, the incidents in which these firefighters were involved, had been treated more favorably than he was treated after engaging in conduct that was "similar to or far more egregious than" what he had done. In 2012, the federal district court dismissed the civil rights suit involving Mathews, the City, the City's Mayor, and several City employees after the finding that Mathews' petition failed to state a claim

22

on which relief could be granted.[7] In his prayer in his First Original Petition, Mathews sought a declaratory judgment that he had been unlawfully indefinitely suspended from his position as a firefighter, attorney's fees, and costs.

---

[7]*See Mathews v. City of Beaumont*, No. 1:11CV268, 2012 WL 12906090, at *1, 8 (E.D. Tex. Mar. 13, 2012); Fed. R. Civ. P. 12(b)(6). We note that initially, Mathews' civil rights suit was filed in the 172nd District Court of Jefferson County, Texas, and assigned Trial Cause Number E-189,911. In May 2011, the suit was removed from state court to federal court. In the civil rights suit, Mathews claimed the City, the City's mayor, and several City employees violated his civil rights and engaged in a conspiracy to interfere with his civil rights. *See* 42 U.S.C. §§ 1983, 1985. In the federal court suit, Mathews alleged that the City and City officials violated his rights under 42 U.S.C. section 1983 by obtaining records improperly in violation of the Texas Open Records Act, by distributing the records to one or more council members, and by attempting to use the records during an arbitration proceeding. *See Mathews v. City of Beaumont*, No. 1:11CV268, 2012 WL 12906090, at *1 (E.D. Tex. Mar. 13, 2012); *see also City of Beaumont v. J.E.M.*, No. 09-10-00537-CV, 2011 WL 3847392, at *4 (Tex. App.—Beaumont Aug. 31, 2011, no pet.) (mem. op.) (reversing trial court and rendering judgment denying petition for expunction). Mathews also alleged that the City and City officials violated his rights under 42 U.S.C. section 1985 by firing him from his position as a firefighter and engaging in conduct designed to intimidate him or retaliate against him for filing the suit. *Id*. at *1, 7. The federal district court held that Mathews failed to state a claim upon which relief can be granted, denied leave to replead, and dismissed Mathews' suit. *Id*. at *8.

Like his First Original Petition, Plaintiff's First Amended Original Petition also includes claims are tied to the Fire Chief's decision to indefinitely suspend (or to fire) Mathews. In the First Amended Original Petition, Mathews alleged that City officials were looking for an opportunity to retaliate against him due to his vocal and public support of the Firefighters' Union in a dispute between the union and the City about a year before he was suspended. According to Mathews' amended petition, the City officials' desire to retaliate against him was tied to a "contentious contract fight/arbitration against the City," which involved negotiations over a union contract between the City and the local union in charge of representing the City's firefighters.[8]

Mathews' First Amended Original Petition also alleges that the City's attorneys made false and defamatory statements about Mathews during the 2012 arbitration hearing, the hearing conducted before Richard Dole. In his First Amended Original Petition, Mathews alleges that the City's decision to enforce Dole's decision upholding the Fire

[8]*See generally City of Beaumont v. Int'l Ass'n of Firefighters, Local Union No. 399*, 241 S.W.3d 208 (Tex. App.—Beaumont 2007, no pet.).

Chief's decision was motivated by the following: (1) Mathews' exercise of his right to free speech to advocate for a pay increase in the dispute that involved the City and the local firefighter's union; (2) his effort to protect the public in 2008 from a driver involved in a collision who was driving under the influence of a mind-altering substance; and (3) a desire of City officials to retaliate against him for filing a federal civil rights suit against the City and its officials over their use of documents in litigation involving Mathews when the documents the City used in that litigation had been expunged. Mathews' First Amended Original Petition alleges the City violated Mathews' rights under the Texas Constitution's equal protection clause (Article I, sections 3 and 3a), free speech clause for retaliation (Article I, section 8), and due process clause (Article I, section 19). In his prayer, Mathews asked the trial court to (1) declare that the hearing examiner's decision was procured by unlawful means, (2) to declare that the hearing examiner exceeded his jurisdiction, (3) to sign an order overturning his indefinite suspension, (4) to order the City to restore him to his former position, (5) to order the City compensate him for the time he lost because of his suspension, (6) to order the City to

25

restore his other lost employment benefits that resulted from his suspension, (7) or in the alternative to remand the case to an independent hearing examiner for another ruling on his indefinite suspension, and (8) to declare that the City had violated his rights to be free from being terminated or indefinitely suspended from his employment "in violation of his rights to equal protection, free speech, and deprivation of protected property and or liberty interests without due process of law[.]"

We note that in the severed cause, the City counterclaimed against Mathews, claiming that he owed the City money. The City moved for summary judgment on its counterclaim, seeking to recover $66,581 in wages and benefits that, according to the City, were paid to Mathews but were not earned. The City doesn't mention the counterclaim in its petition for mandamus, yet it asks the Court to require the trial court to grant the City's motion for summary judgment.

"[M]andamus is generally unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). Even so, "that principle is not, and cannot be, absolute." *In*

26

*re Academy, Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding). "We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments." *Id*. For example, mandamus may be appropriate when a party has already endured one trial and is facing a second trial on a claim that is barred. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding).

*Benefits vs. Detriments*

One of the benefits of mandamus review is that based on his allegations in the severed cause, Mathews' primary theory under each of his petitions is that he was illegally discharged. Yet Mathews litigated issues surrounding his discharge in the appeal he filed under the Municipal Service Act, which allows for arbitrating disputes involving indefinite suspensions before a hearing examiner. The hearing examiner who decided Mathews' appeal upheld the City's decision to fire Mathews for cause. While Mathews challenged the hearing examiner's ruling and appealed the ruling to a district court, the legislature limited the right to appeal to questions about the hearing examiner's jurisdiction or to grounds that the hearing examiner's "order was procured by fraud,

27

collusion, or other unlawful means." Tex. Local Gov't Code Ann. § 143.057(j). Ultimately, Mathews did not succeed in his appeal of the hearing examiner's order, as this Court held that based on the trial conducted in the 60th District Court, the record established that the hearing examiner had jurisdiction over Mathews' appeal, that the hearing examiner did not exceed his jurisdiction in resolving the issues before him in the appeal, and that Mathews presented no evidence to establish the hearing examiner's award was procured through fraud, collusion, or the use of other unlawful means. *Mathews*, 2022 WL 318586, at *13.

As to Mathews'of claims that the City violated his constitutional rights by retaliating against him and using records improperly in legal proceedings and treated him disparately, he lost those claims in federal court. A final judgment from a federal court (Civil Action Number 1:11CV268) dismissed those claims, claims in which he alleged that the City and City officials violated his constitutional rights. These factors and the final judgments in the City's favor weigh in the City's favor of reviewing the petition on its merits at this time. The length of time this

28

case has been in the courts also favors the City in whether we should exercise jurisdiction and review the trial court's ruling on the merits on this record after considering that the legislature intended for a hearing examiner's decision over a fireman's indefinite suspension to be final.

On the other hand, the detriments of reviewing the City's request for mandamus relief must be weighed against the benefits of review of the matter. First, reviewing the matter now would at best only result in a partial resolution of the dispute, a dispute that began in 2008 when the City—simply put—fired Mathews. That's because the City filed a counterclaim, moved for summary judgment on its counterclaim, yet in this proceeding the City doesn't argue the trial court abused its discretion by denying it summary-judgment relief. Other detriments are that the City filed a defective no-evidence motion and an incomplete record to support its petition for mandamus. Consequently, on this record we can't be sure the trial court didn't deny the City's traditional motion after concluding the City failed to move for summary judgment on the claims in Plaintiff's First Amended Original Petition, the petition containing the claims the trial court severed into the severed cause, Trial Court Cause

29

Number A-192,887-A. We also can't measure the trial court's ruling on the evidence that was before that court, and we can't be sure that the trial court didn't conclude that the City failed to move for summary judgment on the petition that stated Mathews' live claims.

While the City's frustration with the delays attendant to deciding Mathews' challenge to the City's decision to fire him is understandable given the lengthy period in which the parties have been litigating this dispute, that doesn't excuse the City's failure to create a proper record to support its petition for mandamus. On the record presented here, justice would be better served by addressing the City's issues on a proper record, which in this case would be a record (1) that is created after the City files a hybrid motion that complies with Rule 166a(i), (2) that allows the reviewing court to determine what claims are the plaintiff's live claims in the severed cause, (3) that includes all the evidence the trial court considered when it ruled on the City's motion, and (4) that would finally dispose of all the claims before the court.

On this record, we are unwilling to say the benefits of reviewing the City's petition now on a defective record outweigh the detriments of doing

so for the reasons explained above. Accordingly, we lift the Court's stay of the trial-level proceedings and deny the City's petition for mandamus without regard to the petition's merits. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 14, 2023
Opinion Delivered February 1, 2024

Before Golemon, C.J., Horton and Wright, JJ.